**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL ANTHONY SANTIAGO, | : | CIVIL NO. **1:05-CV-0634** |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| SUPERINTENDENT DAVID GOOD, GERALD J. PAPPERT, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

**ORDER**

On March 30, 2005, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petitioner was convicted in the Court of Common Pleas of York County, Pennsylvania of possession with intent to deliver cocaine and first degree murder. *Doc. 1 - Petition at ¶¶1-5 and Doc. 10 - Response at ¶2*. On January 7, 1999, he was sentenced to imprisonment for life on the murder conviction and a concurrent term of imprisonment for three to six years on the cocaine conviction. *Doc. 1 - Petition at ¶¶1-5 and Doc. 10 -*

*Response at ¶3.* The petitioner filed a direct appeal to the Pennsylvania Superior Court. *See Doc.5, Exhibit - Docket Sheet from Superior Court of Pennsylvania.* On November 9, 1999, the Superior Court affirmed the petitioner's conviction. *Id.* On May 30, 2000, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal, and on January 8, 2001, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. *Id.*

On May 25, 2001, the petitioner filed a petition pursuant to the Post Conviction Relief Act (PCRA). *Doc. 1 - Petition at ¶11 and Doc. 10 - Response at ¶6.* That petition was denied on May 16, 2002. *Id.* On May 22, 2003, the Pennsylvania Superior Court affirmed the PCRA court's denial of that petition. *Doc. 10 at ¶6.* On July 28, 2004, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal. *Id.*

The petitioner raises the following claims in this case: 1) that his conviction was obtained by use of evidence gained pursuant to an unlawful arrest and an unconstitutional search and seizure; 2) that his trial counsel rendered ineffective assistance of counsel by failing to call a witness at the

2

pretrial suppression hearing relevant to the issue of whether the police had consent to enter the house where the petitioner was arrested; 3) that his trial counsel rendered ineffective assistance of counsel by failing to raise an alibi defense; 4) that his appeal counsel rendered ineffective assistance of counsel by failing to argue on appeal that the prosecution failed to disclose evidence favorable to the defense; 5) that his trial counsel rendered ineffective assistance of counsel by failing to move to strike two prospective jurors who had read newspaper articles concerning the case; and 6) that his appeal counsel rendered ineffective assistance of counsel by failing to argue on appeal that the photo array shown to a witness was illegal.

The respondents filed a response to the petition on May 5, 2005.  The respondents contend that the plaintiff has not presented to the state courts and, therefore, has procedurally defaulted his claim that his appeal counsel rendered ineffective assistance of counsel by failing to argue on appeal that the prosecution failed to disclose evidence favorable to the

defense.  The respondents address the merits of all of the other claims raised by the petitioner.[1]

On May 19, 2005, the petitioner filed a reply.  The petitioner argues that his arrest and the search of his person and the premises where he was arrested violated the Fourth Amendment.  The petitioner also argues that he did raise in an amendment to his PCRA petition the claim that his appeal counsel rendered ineffective assistance of counsel by failing to argue on appeal that the prosecution failed to disclose evidence favorable to the defense.  He concedes however that he did not exhaust that claim, or any of his ineffective assistance of counsel claims, in the Superior Court.  He explains that counsel he retained to represent him on appeal of the denial of his PCRA petition withdrew the Pa.R.A.P. 1925(b) statement of matters complained of on appeal filed by his original PCRA counsel and submitted a new 1925(b) statement which omitted every issue that

---

[1] We note that although they address the merits of all but one of the petitioner's claims, the respondents have not provided the court with a copy of the trial court's order denying the petitioner's PCRA petition.  Given the standard of review set forth in 28 U.S.C. § 2254(b), this court can not address the merits of a habeas claim without reference to the state courts' orders and opinions addressing those claims.

was previously preserved.[2]  The petitioner requests a stay of his exhausted claims (Fourth Amendment claims) in order to present his ineffective assistance of counsel claims to the state appellate court.

The court has discretion to stay a petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. *Rhines v. Weber,* 125 S.Ct. 1528 (2005).  However, the court should stay a mixed habeas petition only in limited circumstances. *Id.* at 1535. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

---

[2] According to the Superior Court's opinion, the only issue raised by the petitioner's new PCRA counsel was whether his original PCRA counsel was ineffective by failing to be an advocate in preparing for, investigating, or conducting the PCRA hearing. *Commonwealth v. Santiago*, No. 1027 MDA 2002, slip op. at 3.  The Superior Court found that claim to be without merit. *Id.* at 5-10.

5

We conclude that it would not be appropriate to stay the instant petition to allow the petitioner to return to state court. We reach this conclusion for three reasons: 1) it appears that the instant petition is time barred; 2) no state remedies remain available to petitioner to present his ineffective assistance of counsel claims; 3) the petitioner's Fourth Amendment claims are barred by *Stone v. Powell*, 428 U.S. 465 (1976). We will discuss each of these reasons in more detail.

First, it appears that the instant petition is barred by the statute of limitations.

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

6

>     Court, if the right has been newly recognized by the
>     Supreme Court and made retroactively applicable to
>     cases on collateral review; or
>         (D) the date on which the factual predicate of
>     the claim or claims presented could have been
>     discovered through the exercise of due diligence.
>         (2) The time during which a properly filed
>     application for State post-conviction or other
>     collateral review with respect to the pertinent
>     judgment or claim is pending shall not be counted
>     toward any period of limitation under this subsection.

In the instant case, there does not appear to be any basis to find that subsections (B) (C) or (D) of 28 U.S.C. § 2244(d)(1) apply.  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A) the one-year statute of limitations began to run on the date that the petitioner's conviction became final.

A state court criminal judgment is final at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires. *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999).  In this case, the United States Supreme Court denied the petitioner's petition for a writ of certiorari on January 8, 2001.  Thus, the petitioner's conviction in this case became final on January 8, 2001.

7

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during that time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.  In the instant case, the statute was tolled during the period from May 25, 2001 (the date the petitioner filed his PCRA petition) to July 28, 2004 (the date the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal).[3]

In summary, the statute of limitations ran from January 9, 2001 to May 24, 2001, a period of 136 days.  The statute was tolled from May 25, 2001 to July 28, 2004.  The statute began to run again on July 29, 2004 and expired 229 days later on March 14, 2005.  Thus, by the time the petitioner filed the instant petition on May 24, 2005[4], the statute of limitations had

---

[3] We note that the statute of limitations is not tolled during the 90-day period to file a petition for a writ of certiorari to the United States Supreme Court from the denial of a PCRA petition or by the actual filing of a petition for a writ of certiorari from the denial of a PCRA petition. *Stokes v. District Attorney of Philadelphia,* 247 F.3d 539 (3d Cir. 2001); *Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002).

[4] The petition in the instant case was filed on March 30, 2005. However, the petition is dated March 25, 2005 and the petitioner asserts that he filed the petition on March 25, 2005. Pursuant to the prison mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266

already expired. Thus, absent some reason to equitably toll the statute of limitations, the instant petition is barred by that statute of limitations in 28 U.S.C. § 2244(d).

Aside from the statute of limitations, the second reason a stay of the instant petition is not appropriate is because it appears that no state remedies remain available to the petitioner to present his ineffective assistance of counsel claims.

42 Pa.C.S.A. § 9545(b), which concerns the time for filing a PCRA petition, provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>     (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>     (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>     (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the

---

(1988), we use March 25, 2005 as the date the instant petition was filed.

9

>United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>(4) For purposes of this subchapter, "government officials" shall not included defense counsel, whether appointed or retained.

The time limits set forth in 42 Pa.C.S.A. § 9545(b) are jurisdictional and not subject to equitable tolling. *Commonwealth v. Fahy,* 737 A.2d 214, 222 (Pa. 1999).

A second PCRA petition filed by the petitioner raising his ineffective assistance of counsel claims would be time barred. Accordingly, there is no reason why the court should stay the instant petition to allow the petitioner to return to state court when the petitioner does not have any remedy available in state court.

Third, a stay is not appropriate in this case because the petitioner's Fourth Amendment claims, the only claims that the

10

petitioner has properly exhausted in state court, are barred by *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. *Id.* at 494.

In the instant case, the petitioner's Fourth Amendment claims fall within the holding of *Stone*.  Thus, if the petitioner was provided an opportunity for full and fair litigation of his claims in state court, the petitioner can not be granted habeas corpus relief.

An erroneous determination on a Fourth Amendment claim by a state court does not overcome the *Stone* bar. *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041 (1987).  The *Stone* bar is also not overcome by the fact that a state court resolved the issue summarily. *Id*.  The question is not whether the state court correctly decided that issue, but

11

whether the petitioner was given an opportunity for full and fair litigation of his claim. *United States ex rel Petillo v. State of New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977).

The record in the instant case indicates that in the state court the petitioner was given the opportunity for full and fair litigation of his Fourth Amendment claims.  The petitioner raised his Fourth Amendment claims in a pre-trial motion to suppress and the trial court held a hearing on that motion.  The petitioner's Fourth Amendment claims were also considered by the Pennsylvania Superior Court.

For the above reasons, the petitioner's request to stay this case pending his return to state court will be denied.

As indicated above, it appears that, absent equitable tolling, the statute of limitations bars the instant petition. Although the respondents have not raised the statute of limitations, the court may *sua sponte* raise the statute of limitations provided that the court provides the petitioner with notice and opportunity to respond. *Bendolph v. United States*, ___ F.3d ___, 2005 WL 1134860 (3d Cir. May 16, 2005).  We will

12

provide the petitioner with notice and an opportunity to respond to the statute of limitations analysis set forth above.  In addition to providing the petitioner with notice and opportunity to respond, when the court raises the statute of limitations after the Rule 4 period[5] the court must consider whether the petitioner is prejudiced by the court raising the statute of limitations. *Id.* at *11.  In the instant case, we are raising the statute of limitations only a little over two months after the petition was filed.  There has not been undue delay in raising the statute of limitations, and it does not appear that the petitioner will be prejudiced by the court raising the statute of limitations *sua sponte.*

We will direct the parties to file briefs addressing whether the instant petition is barred by the statute of limitations.

---

[5] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the clerk must promptly forward a habeas petition to a judge under the court's assignment procedure, that the judge must promptly examine the petition and, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In addition, we will also direct the parties to brief the issue of whether the petitioner has procedurally defaulted his ineffective assistance of counsel claims. The respondents argued that one of the petitioner's ineffective assistance of counsel claims has been procedurally defaulted. However, because the petitioner did not properly present any of his ineffective assistance of counsel claims to the Pennsylvania Superior Court it appears that the petitioner has procedurally defaulted all of his ineffective assistance of counsel claims. Again, the court may *sua sponte* raise the issue of procedural default. *Sweger v. Chesney,* 294 F.3d 506, 520 (3d Cir. 2002).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). A procedural default occurs when a prisoner's claim is barred from

consideration in the state courts by an "independent and adequate" state procedural rule. *Id.*  Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

Because any second PCRA petition filed by the petitioner would be untimely, it appears that there are no state remedies left for the petitioner to exhaust with regard to his ineffective assistance of counsel claims.  Thus, the court can only consider those claims if the petitioner shows cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

Also as discussed above, the petitioner's Fourth Amendment claims fall within the holding of *Stone* and the record indicates that the petitioner was provided an opportunity for full and fair litigation of those claims in state court.  Thus, the petitioner can not be granted habeas corpus relief on those

15

claims.  Again, the court may *sua sponte* raise the issue of whether claims are barred by *Stone*. *Woolery v. Arave*, 8 F.3d 1325 (9th Cir. 1993).  We will provide the petitioner with an opportunity to respond to our analysis regarding *Stone* and we will direct the parties to address in their briefs the issue of whether the petitioner's Fourth Amendment claims are barred by *Stone*.

**IT IS HEREBY ORDERED** that the petitioner's request for a stay (contained in doc. 12) is **DENIED. IT IS FURTHER ORDERED** that the parties shall file briefs addressing the statute of limitations, procedural default and *Stone* issues presented in this Order.  The petitioner shall file his brief within twenty days of the date of this Order.  The respondents shall file their brief within fifteen days of the date the petitioner files his brief.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  June 2, 2005.